The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mavretic and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff and defendant-employer.
3. Aetna Casualty Surety Co. was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $900.00, yielding the maximum compensation rate of $426.00 per week.
5. Defendant-employer paid plaintiff temporary total disability compensation at the rate of $426.00 per week from November 4, 1992 through June 29, 1993.
6. Plaintiff's medical records were stipulated into evidence.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the depositions of Dr. Bruce Brodie, Dr. Paul Long and Dr. Stanley Tennant are ruled upon in accordance with the application provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 55 years old. He is a high school graduate who has completed three years of college. Plaintiff served four years in the United States Air Force.
2. In 1984, plaintiff started his own business, which is the employer in this case. Plaintiff was the president and treasurer of defendant-employer, which designed and built renovations to ventilation, heating, and air conditioning systems.
3. On November 3, 1992, plaintiff sustained an injury when he was attempting to leave a job site where he was working. He stepped on a loose cinderblock stone, which flipped, causing him to fall. His body landed on a portion of the conveyor belt and he then fell to the ground, injuring his back.
4. Plaintiff was taken by ambulance to the High Point Regional Hospital, where he began to experience chest pains. He was then transported to Moses H. Cone Memorial Hospital for treatment by his cardiologist, Dr. Bruce Brodie. He remained under the care of Dr. Brodie at Moses H. Cone Memorial Hospital from November 4, 1992 until his discharge on November 10, 1992.
5. While in the hospital, plaintiff was treated by Dr. Paul Long, an orthopedic surgeon, due to the low back pain and pain radiating into his leg caused by the incident which occurred on November 3, 1992. Dr. Long performed surgery on December 21, 1992, at which time he found adhesions of the nerve root at L4-5. During the surgery the nerve root was dissected free from the scar tissue. On March 23, 1993, plaintiff was released to return to light duty work with no lifting over 15 pounds in a 4-hour workday.
6. As of June 28, 1993, plaintiff had reached maximum medical improvement of his back condition. As a result of the compensable injury which occurred on November 3, 1992, plaintiff has a 10 percent permanent functional impairment of his back.
7. Prior to the injury of November 3, 1992, plaintiff had a history of coronary artery disease. Beginning in 1988, plaintiff had several angioplasty procedures and had restenosis, which is a re-narrowing of the artery at the location where an angioplasty has been performed. In November of 1988, he suffered a heart attack and underwent emergency angioplasty procedure. In March of 1989, he had a heart catheterization performed. In September of 1992, plaintiff was hospitalized with recurrent chest pains, and two blockages, one in the circumflex artery and one in the right artery. An angioplasty procedure was performed.
8. Although plaintiff has continued to experience heart problems following his discharge from Cone Hospital on or about November 10, 1992, these heart problems are not related to or caused by plaintiff's injury by accident of November 3, 1992.
9. The fall which occurred on November 3, 1992 put increased stress on plaintiff's heart and precipitated an angina attack which required his hospitalization.
10. Following the incident on November 3, 1992, plaintiff was unable to perform the job duties required by his former employment with defendant-employer. Defendant-employer was not financially able to employ someone to take over the plaintiff's job duties, and the family business was closed as of September 30, 1993.
11. As a result of the injury sustained on November 3, 1992, plaintiff has been unable to earn wages in any employment from November 3, 1992 to the present. Defendant-employer has not offered plaintiff any work which is within his restrictions and has not provided any vocational rehabilitation assistance to retrain plaintiff for other suitable work.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On November 3, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. As a result of the compensable injury by accident on November 3, 1992, plaintiff is temporarily totally disabled and entitled to receive compensation at the rate of $426.00 per week from November 4, 1992 and continuing thereafter until defendant-employer obtains permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. 97-29. Defendant-employer is entitled to a credit for the temporary total disability compensation it has already paid to plaintiff.
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury on November 3, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. 97-25 (before amendment). The approved medical expenses include the hospital bill of High Point Regional Hospital and Moses H. Cone Memorial Hospital for the hospitalization from November 4 through November 10, 1992, and treatment by Dr. Brodie from November 4, 1992 through February 1, 1993.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $426.00 per week from November 4, 1992 and continuing thereafter until defendant-employer obtains permission from the Industrial Commission to cease payment of such compensation. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney fees approved below. Defendant-employer shall be given a credit for the temporary total disability compensation already paid to plaintiff.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred by plaintiff as a result of his compensable injury on November 3, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission. The approved medical expenses include the hospitalization at High Point Regional Hospital and Moses H. Cone Memorial Hospital from November 4, 1992 through November 10, 1992 and treatment by Dr. Brodie for the period from November 4, 1992 through February 1, 1993.
3. A reasonable attorney's fee of 25 percent of the compensation due plaintiff in paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel.
4. Defendant-employer shall pay the costs of this appeal.
This is the 25th day of April, 1997.
 S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER